SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California  94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-4839

SEYFARTH SHAW LLP
Eric W. May (SBN 264733)
emay@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
DAIKIN COMFORT TECHNOLOGIES
MANUFACTURING, L.P.; DAIKIN
COMFORT TECHNOLOGIES
DISTRIBUTION, INC.; DAIKIN COMFORT
TECHNOLOGIES NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PLACENTIA,<br><br>          Plaintiff,<br><br>    v.<br><br>DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC., and DOES 1 through 50, inclusive,<br><br>          Defendant. | Case No. **'24 CV 0757 DMS DEB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**<br><br>[*Filed concurrently with Corporate Disclosure Statement*]<br><br>(Removed from San Diego County Superior Court Case No. 37-2024-00007050-CU-OE-CTL)<br><br>Complaint Filed:  February 14, 2024<br>FAC Filed:          March 29, 2024 |

1

DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Daikin Comfort Technologies Manufacturing, L.P., Daikin Comfort Technologies Distribution, Inc., and Daikin Comfort Technologies North America, Inc. (collectively, "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and states that removal is proper for the following reasons:

## I. BACKGROUND

1. Melissa Placentia ("Plaintiff") filed her Complaint on February 14, 2024, in the Superior Court of the State of California for the County of San Diego entitled *Melissa Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.,* Case No. 37-2024-00007050-CU-OE-CTL. A true and correct copy of the summons, Complaint, and other court documents initially served on Defendants are attached hereto as **Exhibit A**.

2. On March 20, 2024, the Parties filed a Stipulated Joint Request for Dismissal of Plaintiff's Class claims, and supporting declaration. On March 25, 2024, the Superior Court entered an Order granting the Stipulated Joint Request for Dismissal of Plaintiff's Class Claims, because of a related action[1] which covers all of the class claims Plaintiff sought to bring against Defendants, in which the parties have settled all claims for a class period that covers the vast majority of Plaintiff's asserted class period. The Parties also stipulated that

---

[1] *Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al.,* filed in the Superior Court of California, County of Sacramento, Case No. 34-2021-00311588.

DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendants' response to the First Amended Complaint would be due 30 days from the date Plaintiff serves her First Amended Complaint without the class claims. A true and correct copy of Order granting the Stipulated Joint Request for Dismissal of Class Claims, is attached hereto as **Exhibit B**.

3. On March 28, 2024, Defendants filed a Notice of Entry of Order, a true and correct copy of which is attached hereto as **Exhibit C**.

4. Also on March 28, 2024, Plaintiff filed and served a Notice of Change of Address form, a true and correct copy of which is attached hereto as **Exhibit D**.

5. On March 29, 2024, Plaintiff filed and served the operative First Amended Complaint (the "FAC"), alleging individual causes of action for: (1) failure to pay overtime wages, (2) meal period violations, (3) rest period violations, (4) failure to pay rest period wages, (5) paid sick leave violations, (6) untimely payment of wages, (7) wage statement violations, (8) waiting time penalties, (9) failure to reimburse business expenses, (10) failure to provide employment records, (11) unfair competition, and (12) retaliation and wrongful termination. A true and correct copy of the operative First Amended Complaint, with Proof of Service via email on March 29, 2024, is attached hereto as **Exhibit E**.

6. On April 1, 2024, the Superior Court rescheduled the Case Management Conference to July 19, 2024, at 9:30 a.m. in Department C-74 before Hon. Blake K. Bowman, at the Central Courthouse located at 1100 Union St, San Diego, California, 92101. A true and correct copy of the Superior Court's Notice of Rescheduled Hearing is attached hereto as **Exhibit F**.

7. A copy of Defendants' answer to the First Amended Complaint, filed in the state court on April 25, 2024, is attached as **Exhibit G**. No other filed pleadings or orders have been served on Defendants as of the date hereof. Thus,

Defendants are informed and believe that the documents attached to this notice as Exhibits A through G constitute the entirety of the state court file in this action.

8.     Other than the Case Management Conference scheduled for July 19, 2024, there are no other proceedings scheduled in the Superior Court.

## II.     TIMELINESS OF REMOVAL

9.     This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service of the operative First Amended Complaint upon Defendants. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S. Ct. 1322 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law).

## III.    DIVERSITY JURISDICTION

10.    This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states, and the amount in controversy is in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### A.     Diversity of Citizenship

#### 1.     Plaintiff Is A Citizen of California

11.    To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return… .") Citizenship is

1    determined by an individual's domicile at the time the lawsuit is filed. *See*

2    *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546 (9th Cir. 2000); *see also*

3    *Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL

4    3474760, at *3 (N.D. Cal. July 10, 2013) (explaining that where a complaint

5    alleges plaintiff resides in California, "in the absence of evidence to the contrary,

6    [plaintiff] is a California citizen for diversity purposes").

7          12.    Here, Plaintiff alleges that she worked for Defendants as a Customer

8    Service Representative in California from August 23, 2021 through October 3,

9    2023. (Ex. FAC, ¶9.) Indeed, as part of her application for employment, Plaintiff

10   listed a California address and maintained a California address on file for

11   purposes of her personnel file, payroll checks, state payroll, and tax withholdings

12   during her employment. Defendants are informed and believe, and on that basis

13   allege, that Plaintiff's last known address is in California. Accordingly, Plaintiff

14   is a citizen of California for the purposes of diversity.

15                    **2.    Defendants Are Not Citizens Of California**

16                    **a.    Daikin Comfort Technologies**
                              **Distribution, Inc. and Daikin Comfort**
17                            **Technologies North America, Inc.**

18         13.    Defendants Daikin Comfort Technologies Distribution, Inc. and

19   Daikin Comfort Technologies North America, Inc. are citizens of Texas and are

20   not now, and were not at the time of the filing of this action, citizens of the state

21   of California within the meaning of 28 U.S.C. § 1332(c)(1).

22         14.    "[A] corporation shall be deemed to be a citizen of every State… by

23   which it has been incorporated and of the State… where it has its principal place

24   of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d

25   1026, 1028 (9th Cir. 2009) ("[A] corporation is a citizen of (1) the state under

26   whose laws it is organized or incorporated; and (2) the state of its 'principal place

27   of business.'"). The appropriate test to determine a corporation's principal place

28   of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181,

1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

15.     Defendants Daikin Comfort Technologies Distribution, Inc. is incorporated under the laws of the State of Texas, and Daikin Comfort Technologies North America, Inc. is incorporated under the laws of the State of Delaware. Both entities' principal places of business in Waller, Texas. The principal place of business of Defendants Daikin Comfort Technologies Distribution, Inc. and Daikin Comfort Technologies North America, Inc.is in Waller, Texas, because the "nerve center" of Defendants Daikin Comfort Technologies Distribution, Inc. and Daikin Comfort Technologies North America, Inc. is located in Waller, Texas. The corporate headquarters of Defendants Daikin Comfort Technologies Distribution, Inc. and Daikin Comfort Technologies North America, Inc. is also located exclusively in the State of Texas, and all of Daikin Comfort Technologies Distribution, Inc.'s and Daikin Comfort Technologies North America, Inc.'s executive and administrative functions take place in Texas.

### b.     Daikin Comfort Technologies Manufacturing, L.P.

16.     Defendant Daikin Comfort Technologies Manufacturing, L.P. (formerly Goodman Manufacturing Company, L.P.) is a citizen of the States of Delaware and Texas, and is not now, and was not at the time of the filing of this action, a citizen of the state of California within the meaning of 28 U.S.C. § 1332(c)(1).

17.     In determining the citizenship of a limited partnership, the citizenship of each member of the limited partnership must be taken into account. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990).

18.    Defendant Daikin Comfort Technologies Manufacturing, L.P.'s general partner is Goodman Holding Company. Its limited partners are Daikin North America, LLC, and Goodman Appliance Holding Company, neither of which are citizens of California. None of Daikin North America, LLC's members are citizens of California and Goodman Appliance Holding Company is a citizen of Texas, where it was incorporated and where its principal place of business is located.

19.    Accordingly, because Plaintiff is a citizen of California and Defendants are not citizens of California, diversity of citizenship exists between Plaintiff and Defendants for purposes of removal jurisdiction.

### 3.    Doe Defendants' Citizenship Must Be Disregarded

20.    The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Thus, the existence of Does 1 through 20, inclusive, does not deprive this Court of jurisdiction.

### B.    The Amount in Controversy Easily Exceeds $75,000.00

21.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in Plaintiff's First Amended Complaint.

22.    An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount

in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

23.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

### 1.    Alleged Lost Wages Attributable to Retaliation Claim Alone Exceed $239,486

24.    Plaintiff seeks to recover lost wages and benefits following her alleged wrongful termination. (Ex. F, FAC ¶¶ 1-2, 18, 38, Prayer for Relief.)

25.    While working for Defendant, Plaintiff earned $22.65 per hour and generally worked in excess of 40 hours per week, or approximately $906/week, $3,926/month, and $47,112/year. (Ex. F, FAC at pp. 4-9, Figs. 1-5.) Plaintiff's employment was terminated on or around September 6, 2023. As such, if trial were set for 18 months from now (approximately 25 months after Plaintiff's

8

employment was terminated), Plaintiff could potentially seek **$98,150** in back wages alone, not including damages for lost benefits. This sum does not include any future wages Plaintiff seeks to recover which would only increase the amount in controversy.[2] *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy); *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")

26.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or retaliatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (stating that future wages are "at stake" in the litigation and must be considered in assessing amount in controversy); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (holding that future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (holding that, while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (holding that future damages are properly considered in determining amount in controversy).

---

[2]    Plaintiff seeks waiting time penalties for "up to a maximum of 30 days wages." (Ex. F, FAC ¶85.) Accordingly, the amount in controversy on Plaintiff's claim for waiting time penalties is approximately $5,436.

DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

27.    An award of three years' front pay would entitle Plaintiff to more than **$141,336.00**[3] in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).

## 2.    Alleged Emotional Distress

28.    In addition to lost wages, Plaintiff seeks to recover "compensatory" and other "damages in an amount according to proof" for "retaliation and wrongful termination as Defendants terminated Plaintiff's employment after she made a bona fide complaint against her branch manager for an inappropriate workplace relationship[.] (Ex. F, FAC, ¶2 & Prayer for Relief ¶¶(a), (f).) Compensatory damages can include emotional distress damages.

29.    To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

30.    In cases alleging retaliatory discharge, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See, e.g., Aguilar v. LA Metro BP Holding Co., LLC, et al*., No. BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in general damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Meadowcroft,*

---

[3]    $47,112/year x 3 years = $141,336.00. When added with the aggregate backpay sought by Plaintiff, the total amount in controversy on Plaintiff's claim for wrongful termination exceeds $239,486.

*et al. v. Silverton Partners, Inc., et al.*, No. BC633239, 2018 WL 7635472 (Los Angeles Sup. Ct., Sep. 11, 2018) (jury awarded two plaintiffs $2.5 million each in compensatory damages for pain and suffering for claims of harassment, retaliation, wrongful termination and failure to prevent harassment); *Silverman v. Stuart F. Cooper Inc*., No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct., July 19, 2013) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth*., No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct., Oct. 25, 2012) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct., Sept. 23, 2011) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct., Mar. 8, 2011) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp*., No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct., Feb. 4, 2011) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"); *Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered … emotional distress damage awards in similar age discrimination cases …."). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.[4]

---

[4] *See also McCray v. Westrock Services*, LLC, C.D. Cal. Case No. 2:21CV09853, 2023 WL 6572683 (Aug. 24, 2023) (jury awarded $2.5 million in general damages for claims of disability discrimination, failure to accommodate, failure to

31.    As alleged in the First Amended Complaint, Plaintiff claims she was retaliated against, ultimately terminated. These allegations are similar to the issues presented in the above cases, which demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress claims on their own easily exceed the $75,000 amount in controversy requirement. Even conservatively estimating her alleged emotional distress damages at two times her alleged back wages owed, that equates to **$196,300** ($98,1650 x 2).

### 3.    Alleged Punitive Damages

32.    Additionally, Plaintiff seeks to recover punitive damages against Defendant. (Ex. F, FAC, Prayer for Relief ¶(a).) For purposes of calculating the amount in controversy, the Court must assume that Plaintiff will prevail on her claim for punitive damages. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

33.    Verdicts in similar cases show that, when awarded, punitive damages in discrimination and wrongful termination cases typically exceed $75,000. *See Aguilar*, 2018 WL 7286562, *supra* (jury awarded $145,000 in punitive damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Meadowcroft*,

---

engage in an interactive process, and failure to prevent disability discrimination); *Martinez v. Pharmavite, LLC*, Los Angeles County Superior Court Case No. BC671153, 2023 WL 4234877 (Apr. 4, 2023) (jury awarded $7.1 million in general damages for claims of disability discrimination, failure to provide reasonable accommodations, failure to engage in a good faith interactive process, and wrongful termination); *Lee v. Rockstar Staffing, LLC*, Los Angeles County Superior Court Case No. 20STCV00104, 2023 WL 7321512 (Aug. 28, 2023) (jury awarded $175,000 in general damages for claims of disability discrimination and wrongful termination).

2018 WL 7635472, *supra* (jury awarded plaintiffs $3 million each in punitive damages for claims of harassment, retaliation, wrongful termination and failure to prevent harassment); *Olivas-Dean v. American Meizhou Dongpo Group, Inc., et al.*, No BC581538, 2017 WL 3531353 (Los Angeles Sup. Ct., April 24, 2017) ($250,000 awarded in punitive damages for harassment, discrimination, retaliation, wrongful termination). *Aboulida v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct., Dec. 17, 2013) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, No. 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal., Dec. 7, 2011) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action); *McCray*, 2023 WL 6572683 (jury awarded $5,451,000 in punitive damages for claims of disability discrimination, failure to accommodate, failure to engage in an interactive process, and failure to prevent disability discrimination); *Quemada v. Cordoba Corporation*, Los Angeles County Superior Court Case No. BC621735, 2019 WL 8581402 (Dec. 6, 2019) (jury awarded $1.5 million in punitive damages for claims of disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodations, failure to prevent discrimination and wrongful termination); *Woods v. Greystar Management Services L.P.*, Los Angeles County Superior Court Case No. BC670867, 2019 WL 2755111 (Apr. 11, 2019) (jury awarded $600,000 in punitive damages for claims of wrongful termination, disability discrimination, failure to provide accommodations, failure to engage in the interactive process and failure to take reasonable steps to prevent discrimination.)

### 4.    Alleged Attorney's Fees

34.    Plaintiff also seeks to recover attorneys' fees and costs. (Ex. F, FAC, Prayer for Relief ¶(e).) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless

of whether award is discretionary or mandatory). The amount of attorney's fees for purposes of amount in controversy calculations is the expected reasonable attorney's fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). The reasonable amount of attorney's fees may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc*., 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorney's fees).

35.    Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.00. Verdicts show that attorneys' fees in employment cases typically exceed $75,000.00. *See Begazo v. Passages Silver Strand, LLC*, Los Angeles County Superior Court Case No. BC595150, 2017 WL 2402841 (Mar. 3, 2017) (court awarded $375,568 in attorneys' fees to Plaintiff after prevailing on claims for retaliation on the basis of disability and wrongful termination); *Crawford v. DIRECTV, Inc.*, Los Angeles County Superior Court Case No. BC417507, 2010 WL 5383296 (Sep. 29, 2010) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, San Diego County Superior Court Case No. GIC836582, 2006 WL 5305734 (Sep. 16, 2006) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate).

36.    While Defendant denies any liability as to Plaintiff's claims, for each of the foregoing reasons, it is clearly "more likely than not" that the amount

DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## IV.    VENUE

37.    Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1441 and 1446(a). This action was originally brought in the Superior Court of the State of California for the County of San Diego. The County of San Diego is within the jurisdiction of the United States District Court for the Southern District of California.

## V.    NOTICE OF REMOVAL

38.    Defendant will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of San Diego. This Notice of Removal is concurrently being served on Plaintiff.

## VI.    <u>PRAYER FOR REMOVAL</u>

WHEREFORE, Defendants respectfully pray that this civil action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.


DATED: April 26, 2024                    Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By: /s/ *Justin T. Curley*
                                              Justin T. Curley
                                              Eric W. May

                                         Attorneys for Defendants
                                         DAIKIN COMFORT TECHNOLOGIES
                                         MANUFACTURING, L.P.; DAIKIN
                                         COMFORT TECHNOLOGIES
                                         DISTRIBUTION, INC.; DAIKIN
                                         COMFORT TECHNOLOGIES NORTH
                                         AMERICA, INC.

310676769v.1

DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

#418229

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2024** at 10:14:35 AM

Clerk of the Superior Court
By Carla Boston, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC., and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MELISSA PLACENTIA, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego County Superior Court - Hall of Justice<br>330 West Broadway<br>San Diego CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2024-00007050-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas J. Ferraro (SBN 306528) / David X. Lin (SBN 312350)    Telephone: (619) 693-7727
Ferraro Vega Employment Lawyers, Inc. 3160 Camino del Rio South, Suite 308, San Diego, CA 92108

| DATE:<br>*(Fecha)* 02/15/2024 | Clerk, by<br>*(Secretario)* _____ | C.Boston C. Boston | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC.

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2024** at 10:14:35 AM
Clerk of the Superior Court
By Carla Boston,Deputy Clerk

1  Nicholas J. Ferraro (State Bar No. 306528)
2  Lauren N. Vega (State Bar No. 306525)
   David X. Lin (State Bar No. 312350)
3  Ferraro Vega Employment Lawyers, Inc.
   3160 Camino del Rio South, Suite 308
4  San Diego, California 92108
   (619) 693-7727 main / (619) 350-6855 fax
5  nick@ferrarovega.com / lauren@ferrarovega.com
   david@ferrarovega.com
6

7  *Attorneys for Plaintiff Melissa Placentia*

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF SAN DIEGO**

11

12
   MELISSA PLACENTIA, individually and on    Case No.  37-2024-00007050-CU-OE-CTL
13 behalf of all others similarly situated,
                                              **CLASS ACTION**
14                    Plaintiffs,
                                              **CLASS ACTION COMPLAINT**
15
16         vs.                                1.  Failure to Pay All Overtime Wages
                                              2.  Meal Period Violations
17 DAIKIN COMFORT TECHNOLOGIES               3.  Rest Period Violations
   MANUFACTURING, L.P.; DAIKIN               4.  Failure to Pay Rest Period Wages
18 COMFORT TECHNOLOGIES                       5.  Paid Sick Leave Violations
   DISTRIBUTION, INC.; DAIKIN COMFORT        6.  Untimely Payment of Wages
19 TECHNOLOGIES NORTH AMERICA, INC.,          7.  Wage Statement Violations
20 and DOES 1 through 50, inclusive,          8.  Waiting Time Penalties
                                              9.  Failure to Reimburse Business Expenses
21                    Defendants.            10. Failure to Provide Records
                                             11. Unfair Competition
22                                           12. Retaliation and Wrongful Termination
23
24
25
26
27
28

                          CLASS ACTION COMPLAINT
         *Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

1   Plaintiff MELISSA PLACENTIA, individually and on behalf of all others similarly situated

2   ("Plaintiff") brings this CLASS ACTION COMPLAINT against Defendants DAIKIN COMFORT

3   TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES

4   DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC; and

5   DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

6                                    **INTRODUCTION**

7        1.    Plaintiff brings this action against Defendants on behalf of herself and all other

8   similarly-situated employees of Defendants in California for denying them their rights under the

9   California Labor Code and applicable IWC Wage Orders, including the right to all overtime wages

10  earned, meal and rest periods and associated premiums, timely payment of wages and waiting time

11  penalties, sick leave wages, and reimbursement of necessary business expenses.

12       2.    Plaintiff also brings an action for retaliation and wrongful termination as Defendants

13  terminated Plaintiff's employment after she made a bona fide complaint against her branch manager

14  for having an inappropriate workplace relationship, depriving Plaintiff and other similarly-situated

15  employees of their rights and wages under California law, and entering fraudulent transactions.

16       3.    Defendants subjected Plaintiff and other similarly-situated employees to the same set

17  of common employment policies, practices, and procedures, including understaffing which deprived

18  in Plaintiff and other similarly-situated employees of the opportunity to take full, timely, and

19  uninterrupted off-duty meal and rest periods, and failure to include all qualifying forms of

20  renumeration into employees' regular rate of pay which deprived Plaintiff and other similarly-situated

21  employees of all overtime, sick leave, and premium wages owed.

22       4.    Defendants also maintained policies, practices, and procedures which deprived

23  Plaintiff and other similarly-situated employees of proper reimbursements for all necessary business

24  expenses, such as the use of their personal cell phones and personal vehicles, incurred in the discharge

25  of their duties.

26       5.    Plaintiff seeks to hold Defendants accountable for their pattern and practice of Labor

27  Code violations, and seeks damages on behalf of herself and all other similarly-situated employees,

28  accordingly.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

### JURISDICTION & VENUE

6.      Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

7.      The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

8.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conduct business and committed some of the alleged violations in this county.

### PARTIES

**A.      Plaintiff Melissa Placentia**

10.      Plaintiff Placentia is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about August 23, 2021 to October 3, 2023.  Plaintiff worked as a Customer Service Representative.

**B.      Defendants**

11.      Defendant Daikin Comfort Technologies Manufacturing, L.P. is a Texas limited partnership that maintains operations and conducts business throughout the State of California, including in this county.

12.      Defendant Daikin Comfort Technologies Distribution, Inc. is a Texas corporation that maintains operations and conducts business throughout the State of California, including in this county.

13.      Defendant Daikin Comfort Technologies North America, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

14. Defendants produce, sell, and distribute commercial, industrial, and institutional heating, ventilation, and air conditioning (HVAC) products, and employed Plaintiff at one of their California facilities as described above.

15. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

16. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

17. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

18. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

19. This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

    a.     All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

20.    Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

21.    The class is ascertainable and shares a well-defined community of interest in this litigation:

    a.    <u>Numerosity</u>:  The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time.  The class is so numerous that joinder of all class members is impracticable.  The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

    b.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the other class members.  They were subject to the same policies and practices of Defendants, which resulted in losses to the class.  Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

    c.    <u>Adequacy</u>:  Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

    d.    <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute.  Individual joinder is impractical.  Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

    e.    <u>Public Policy Considerations</u>:  Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked.  Class actions provide a mechanism for

- 4 -

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

22.     Common questions of law and fact as to the class members predominate over questions affecting only individual members.  The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

23.     Defendants failed to pay Plaintiff and other class members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

24.     Defendants paid non-discretionary bonuses and other forms of renumeration to Plaintiff and other class members, but failed to include these forms of payment in the regular rate of pay for purposes of paying overtime.

25.     For example, Plaintiff and other similarly-situated employees were eligible to earn non-discretionary bonuses for meeting quarterly sales goals. As illustrated on Plaintiff's wage statements for the pay period ending May 6, 2023, Plaintiff earned a bonus of $16.74 and worked 0.45 overtime hours. Instead of paying overtime at the regular rate of pay, Defendants paid Plaintiff's overtime at an hourly rate of $33.975, which is 1.5x her base hourly rate. *See Figs. 1 and 2 below.*

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**DAIKIN**

DAIKIN COMFORT TECHNOLOGIES DIST INC
19001 Kermier Rd
Waller, TX 77484
713-861-2500

| Pay Statement | |
|---|---|
| Period Start Date | 04/30/2023 |
| Period End Date | 05/06/2023 |
| Pay Date | 05/12/2023 |
| Document | 546013 |
| **Net Pay** | **$854.84** |

**Pay Details**

MELISSA M PLACENTIA MARTINEZ

| | | | | |
|---|---|---|---|---|
| Employee Number | 073848 | Pay Group | GDI Weekly |
| SSN | XXX-XX-XXXX | Location | 732 THOUSAND PALMS |
| Job | CSR INSIDE SALES 1 | Division-BU | SALES - SALES |
| | | Function | SCA - SO-CAL REGION |
| Pay Rate | $22.6500 | Department | 6017 - 732-THOUSAND PALMS |
| Pay Frequency | Weekly | Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $528.00 |
| OVERTIME | | | | $140.07 |
| Shift 1 | 0.4500 | $22.6500 | $10.19 | - |
| OVERTIME PREM | | | | $70.05 |
| Shift 1 | 0.4500 | $11.3250 | $5.10 | - |
| REGULAR | | | | $13,570.18 |
| Shift 1 | 34.4667 | $22.6500 | $780.67 | - |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | | | | $1,549.10 |
| Shift 1 | 8.0000 | $22.6500 | $181.20 | - |

Total Hours Worked  34.9167          Total Hours  42.9167

*Fig. 1, wage statement ending May 6, 2023 showing overtime*

/ / /

/ / /

/ / /

/ / /

- 6 -

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**DAIKIN**

DAIKIN COMFORT TECHNOLOGIES DIST INC
19001 Kermier Rd
Waller, TX 77484
713-861-2500

| Pay Statement | |
| --- | --- |
| Period Start Date | 04/30/2023 |
| Period End Date | 05/06/2023 |
| Pay Date | 05/16/2023 |
| Document | 548444 |
| **Net Pay** | **$9.78** |

**Pay Details**

MELISSA M PLACENTIA MARTINEZ

| | | | |
| --- | --- | --- | --- |
| Employee Number | 073848 | Pay Group | GDI Weekly |
| SSN | XXX-XX-XXXX | Location | 732 THOUSAND PALMS |
| Job | CSR INSIDE SALES 1 | Division-DU | SALES - SALES |
| | | Function | SCA - SO-CAL REGION |
| Pay Rate | $22.6500 | Department | 6017 - 732-THOUSAND PALMS |
| Pay Frequency | Weekly | Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
| --- | --- | --- | --- | --- |
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| BONUS | | | $16.74 | $16.74 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $528.00 |
| OVERTIME | 0.0000 | $0.0000 | $0.00 | $140.07 |
| OVERTIME PREM | 0.0000 | $0.0000 | $0.00 | $70.05 |
| REGULAR | 0.0000 | $0.0000 | $0.00 | $13,570.18 |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | 0.0000 | $0.0000 | $0.00 | $1,549.10 |

Total Hours Worked  0.0000        Total Hours  0.0000

*Fig. 2, wage statement ending May 6, 2023 showing bonus*

26. Plaintiff and other class members also earned other forms of renumeration, such as a payment which appears on wage statements as "Taxable Awards," which Defendants also failed to include in employees' regular rate of pay.

27. Defendants' failure to include bonuses and other non-discretionary compensation in the regular rate of pay was a matter of common payroll practice for all class members.

28. Defendants failed to provide Plaintiff and other class members with all paid sick leave owed. For example, Plaintiff when needed to take sick leave when she contracted COVID, Defendants refused to pay Plaintiff her accrued sick leave wages.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

29.    Additionally, on information and belief, when Defendants did pay sick leave wages, they did so at the improper rate of pay because they failed to include all non-discretionary bonuses and other forms of renumeration into employees' regular rate of pay.

30.    Defendants failed to provide Plaintiff and other similarly-situated employees with the opportunity to take all timely, uninterrupted, off-duty meal periods. As a result of their workloads and the need to cover missing employees, Plaintiff and other aggrieved employees had to continue working and therefore were forced to take late or otherwise non-compliant meal periods.

31.    Despite failing to provide employees with all legally-compliant meal periods, Defendants did not pay Plaintiff and other aggrieved employees all required meal period premiums. For example, Plaintiff's wage statements reflect no meal period premiums paid whatsoever. *See, e.g.,* *Fig. 3*:

**Melissa Placentia Martinez - 073848 - DAIKIN COMFORT TECHNOLOGIES DIST INC**

## Total Compensation

Year 2023                                          **Total Compensation $39,121.07**

| Earnings Paid | $35,676.51 | Employer Paid Benefits | $487.86 | Employer Paid Taxes | $2,956.70 |
|---|---|---|---|---|---|
| Earning | Amount | Deduction | Amount | Tax | Amount |
| ADJUSTMENT | $0.62 | 401K Match | $356.78 | CA Emp Training/Fund ER Exp | $7.01 |
| BEREAVEMENT | $352.00 | BASIC LIFE HR | $43.28 | CA Unemployment Employer | $178.44 |
| BONUS | $17.07 | LONG TERM DISABILITY HRLY | $87.80 | | |
| HOLIDAY TIME | $1,071.60 | | | Employer Medicare | $517.31 |
| OVERTIME HALFTIME | $290.51 | | | Federal Unemployment Tax | $42.00 |
| OVERTIME STRAIGHT | $580.99 | | | Social Security Employer Tax | $2,211.94 |
| REGULAR HOURS | $31,060.12 | | | | |
| SICK PAY | $528.00 | | | | |
| VACATION PAY | $1,775.60 | | | | |

*Fig. 3, summary of all earnings paid to Plaintiff for the year 2023*

32.    Similarly, Defendants failed to provide Plaintiff and other aggrieved employees with the opportunity to take all timely, uninterrupted, off-duty rest periods. As a result of their workloads

- 8 -

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

and the need to cover missing employees, Plaintiff and other aggrieved employees had to continue working through their rest periods.

33.    Despite failing to provide employees with all legally-compliant rest periods, Defendants did not pay Plaintiff and other aggrieved employees all required rest period premiums. For example, Plaintiff's wage statements reflect no rest period premiums paid whatsoever. *See, e.g., Fig. 3 above*:

34.    Moreover, Defendants failed to pay Plaintiff and other class members all wages owed for their rest periods as Defendants failed to pay for rest periods separately at the appropriate rate. Rather Defendants paid class members at their base hourly rate for rest periods because they did not account for rest periods separately and because they did not incorporate all forms of qualifying renumeration into class members' proper rate of pay for rest periods.

35.    Defendants violated Labor Code sections 204 and 204b by failing to pay all wages and premiums owed on the regular pay days scheduled each pay period within seven calendar days of the close of the payroll period, as a result of the policies and practices set forth in this complaint.

36.    As described above, Defendants failed to pay Plaintiff and other aggrieved employees all overtime wages, sick leave wages, and meal and rest period premiums. These payments remain owing to this day. As such, Defendants have not timely paid all wages and premiums due.

/ / /

/ / /

/ / /

/ / /

/ / /

- 9 -

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

37.    Moreover, a number of Plaintiff's, and on information and belief, other class members', paychecks were issued more than seven days after the end of the pay period. *See, e.g., Figs. 4 and 5 below.*



**DAIKIN**

DAIKIN COMFORT TECHNOLOGIES DIST INC
19001 Kermier Rd
Waller, TX 77484
713-861-2500

**Pay Statement**

| | |
|---|---|
| Period Start Date | 09/17/2023 |
| Period End Date | 09/23/2023 |
| Pay Date | 10/03/2023 |
| Document | 607185 |
| **Net Pay** | **$1,055.14** |

**Pay Details**

| MELISSA M PLACENTIA MARTINEZ | | |
|---|---|---|
| Employee Number | 073848 | |
| SSN | XXX-XX-XXXX | |
| Job | CSR INSIDE SALES 1 | |
| Pay Rate | $22.6500 | |
| Pay Frequency | Weekly | |

| | |
|---|---|
| Pay Group | GDI Weekly |
| Location | 732 THOUSAND PALMS |
| Division-BU | SALES - SALES |
| Function | SCA - SO-CAL REGION |
| Department | 6017 - 732-THOUSAND PALMS |
| Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| ADJUSTMENT | 0.0000 | $0.0000 | $0.00 | $0.62 |
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| BONUS | 0.0000 | $0.0000 | $0.00 | $17.07 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $1,071.60 |
| OVERTIME | 0.0000 | $0.0000 | $0.00 | $580.99 |
| OVERTIME PREM | 0.0000 | $0.0000 | $0.00 | $290.51 |
| REGULAR | | | | $31,060.12 |
| Shift 1 | 56.0000 | $22.6500 | $1,268.40 | |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | 0.0000 | $0.0000 | $0.00 | $1,775.60 |

Total Hours Worked 56.0000    Total Hours 56.0000

*Fig. 4, wage statement for period ending Sept. 23, 2023, paid Oct 3, 2023*

///

///

///

- 10 -

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**▼DAIKIN**

DAIKIN COMFORT TECHNOLOGIES DIST INC
19001 Kermier Rd
Waller, TX 77484
713-861-2500

| Pay Statement | |
| --- | --- |
| Period Start Date | 09/10/2023 |
| Period End Date | 09/16/2023 |
| Pay Date | 09/27/2023 |
| Document | 603199 |
| **Net Pay** | **$795.13** |

**Pay Details**

MELISSA M PLACENTIA MARTINEZ

| | | |
| --- | --- | --- |
| Employee Number | 073848 | |
| SSN | XXX-XX-XXXX | |
| Job | CSR INSIDE SALES 1 | |
| Pay Rate | $22.6500 | |
| Pay Frequency | Weekly | |

| | |
| --- | --- |
| Pay Group | GDI Weekly |
| Location | 732 THOUSAND PALMS |
| Division-DU | SALES - SALES |
| Function | SCA - SO-CAL REGION |
| Department | 6017 - 732-THOUSAND PALMS |
| Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
| --- | --- | --- | --- | --- |
| ADJUSTMENT | 0.0000 | $0.0000 | $0.00 | $0.62 |
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| BONUS | 0.0000 | $0.0000 | $0.00 | $17.07 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $1,071.60 |
| OVERTIME | 0.0000 | $0.0000 | $0.00 | $580.99 |
| OVERTIME PREM | 0.0000 | $0.0000 | $0.00 | $290.51 |
| REGULAR | | | | $28,885.72 |
| Shift 1 | 40.0000 | $22.6500 | $906.00 | |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | 0.0000 | $0.0000 | $0.00 | $1,775.60 |

Total Hours Worked  40.0000    Total Hours  40.0000

*Fig. 5, wage statement for period ending Sept. 16, 2023, paid Sept. 27, 2023*

38.    As described above, Defendants failed to pay Plaintiff and other similarly-situated employees all overtime wages, sick leave wages, and meal and rest period premiums. These payments remain owing to this day long after Plaintiff and other similarly-situated employees have separated from their employment with Defendants. As such, Defendants have not timely paid all wages and premiums due in violation of Labor Code sections 201 and 202, and have yet to pay waiting time penalties owed under Labor Code section 203.

39.    Defendants failed to provide accurate itemized wage statements to the aggrieved employees each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net

- 11 -

wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

40.     Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. At their proper rates. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

41.     As described above, Defendants failed to include all forms of renumeration into the regular rate of pay for overtime, sick leave, and premium purposes, and failed to list on class members' wage statements, the number and amount of meal and rest period premiums owed.

42.     Defendants required Plaintiff and other similarly-situated employees to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the aggrieved employees unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

43.     For example, Plaintiff used her personal cell phone and personal vehicle in the discharge of her duties. Plaintiff needed to use her personal cell phone to keep in direct contact with contractors and other staff, and she used her personal vehicle to transport contractors to retrieve necessary parts. However, Defendants never reimbursed Plaintiff for these necessary business expenses, nor did they make reimbursement forms readily available for Plaintiff and other aggrieved employees to submit their expenses for reimbursement.

44.     After Plaintiff submitted a written record for her employment records in accordance with Labor Code sections 226(b), 432, and 1198.5, and the Records section of the applicable IWC Wage Orders, Defendants failed to provide Plaintiff's timekeeping records or the Notice to Employee setting forth all information required to be disclosed to a new employee under Labor Code section 2810.5.

45.     Additionally, Defendants engaged in retaliation against Plaintiff for making a protected bona fide complaint, culminating in her wrongful termination.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

46.     Plaintiff reported and complained of an inappropriate relationship between her branch manager and another employee, as well as potentially fraudulent and illegal activities between the two of them. Plaintiff complained that the inappropriate relationship between the branch manager and other employee negatively affected the workplace because their frequent rendezvous often left the workplace short-staffed, so Plaintiff and other aggrieved employees were deprived of their opportunities to take compliant meal and rest periods.

47.     Moreover, Plaintiff complained that the branch manager and other employee were creating fraudulent sales records in order to cover up the time that they spent together not working. In retaliation for Plaintiff's report and complaints, Defendants stripped her of accommodations previously provided to her for in the workplace, created a pretextual disciplinary write-up against her, and ultimately discharged her.

## FIRSTCAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

48.     All outside paragraphs of this Complaint are incorporated into this section.

49.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

50.     Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

51.     Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SECOND CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

52.     All outside paragraphs of this Complaint are incorporated into this section.

53.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

54.     Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

55.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

56.     Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

## THIRD CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

57.     All outside paragraphs of this Complaint are incorporated into this section.

58.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

59.     Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

60.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY FOR AUTHORIZED REST PERIODS/NON-PRODUCTIVE TIME

61.     All outside paragraphs of this Complaint are incorporated into this section.

62.     Because Plaintiff and class members were not separately compensated for rest periods (a rate required by statute) and non-productive time, Plaintiff and class members are owed wages for this time.[1]

---

[1] *See Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal. App. 5th 98; *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal. App. 4th 864, 872.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

63.     The IWC Wage Orders state Plaintiff and class members must be paid for all "hours worked" for time they are "subject to the control of the employer, and includes all the time the employee is suffered or permitted to work." Cal. Code Regs., tit. 8, § 11040, subd. 2(k).

64.     The IWC Wage Orders state rest periods are "hours worked for which there will be no deduction from wages." Cal. Code Regs., tit. 8, § 11040, subd. 12(a).

65.     Labor Code section 226.2 applies to employees who are compensated in whole, or in part, on a piece-rate basis. Section 226.2(a)(1) requires employers to compensate employees for "rest and recovery periods and other non-productive time spent separate from any piece rate compensation."

66.     Non-productive time must be compensated at a rate no less than the applicable state or local minimum wage. Cal. Lab. Code § 226.2(a)(4).

67.     Rest and recovery periods must be compensated the *higher* of (1) an average hourly rate taken by dividing an employee's total compensation for the workweek (exclusive of overtime and rest and recovery compensation) by the employee's total hours worked or (2) the applicable minimum wage. Cal. Lab. Code § 226.2(a)(3)(A).

68.     Section 226.2 expressly requires that any employees paid in whole or in part on a piece rate basis must receive at least minimum wage for all hours worked as well as any required overtime compensation.

69.     Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked (including all non-productive time) in violation of Labor Code sections 226.2, 1182.12, 1194, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.

70.     Defendants also failed in their affirmative obligation to pay Plaintiff and class members for rest periods at the rate required by section 226.2(a)(3)(A), resulting in unpaid wages to Plaintiff and class members.

71.     Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime, and premium wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

1    in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest,

2    attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194

3    and 1194.2.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

72.    All outside paragraphs of this Complaint are incorporated into this section.

73.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

74.    Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

> [A]n employer shall calculate paid sick leave using any of the following calculations:
>
> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
>
> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>
> (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

75.    Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members.

76.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

77.    Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020.  Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021.  Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

78.    Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

79.    Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

(I)    Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

(II)    Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(III)    The state minimum wage.

(IV)    The local minimum wage to which the covered employee is entitled.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

80.    Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

81.    On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by class members.

82.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

#### Violation of Labor Code §§ 204, 210, 218

83.    All outside paragraphs of this Complaint are incorporated into this section.

84.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

85.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

86.    Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

## SEVENTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

87.     All outside paragraphs of this Complaint are incorporated into this section.

88.     This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

89.     Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members.   Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

90.     Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

91.     As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 *et seq.*

92.     All outside paragraphs of this Complaint are incorporated into this section.

93.     This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time

- 20 -

1  penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days

2  wages.

3      94.    Defendants willfully failed and continue to fail in their affirmative obligation to pay all

4  wages earned and unpaid to Plaintiff and class members immediately upon termination of employment

5  or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his

6  or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor

7  Code sections 201 through 203 and the IWC Wage Orders.

8      95.    Plaintiff and class members are entitled to recover a waiting time penalty for a period

9  of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

10              **NINTH CAUSE OF ACTION**

11          **FAILURE TO REIMBURSE BUSINESS EXPENSES**

12              **Violation of Labor Code § 2802**

13     96.    All outside paragraphs of this Complaint are incorporated into this section.

14     97.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a

15  reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them

16  in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

17     98.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of

18  lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class

19  members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in

20  addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor

21  Code section 2802.

22              **TENTH CAUSE OF ACTION**

23          **FAILURE TO PROVIDE RECORDS**

24         **Violation of Labor Code §§ 226, 432, and 1198.5**

25     99.    All outside paragraphs of this Complaint are incorporated into this section.

26     100.   Plaintiff brings this cause of action exclusively *in an individual capacity*.

27     101.   Labor Code section 432 states that [i]f an employee. . . signs any instrument relating to

28  the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

- 21 -

102. Labor Code section 226(b) grants employees the right to inspect or receive "a copy of records pertaining to their employment." Labor Code section 226(f) authorizes a penalty of $750 for an employer's failure to comply with a request for records made under section 226.

103. Labor Code section 1198.5 requires employers to provide an employee's "personnel records" within 30 days of receipt of the request. Section 1198.5(k) authorizes a penalty of $750 for an employer's failure to provide a copy of or permit inspection of personnel records. Section 1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this section and authorizes the recovery of attorneys' fees and costs.

104. Section 7 (Records) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, requires that employers maintain time records of when an employee begins and ends each work period and when the employee takes meal periods, among other required employment and payroll records. Section 7(C) states that "[a]n employee's records shall be made available for inspection by the employee upon reasonable request."

105. Plaintiff requested from Defendants all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5. As described above, the production of employment records Defendants made in response to Plaintiff's written request did not include Plaintiff's timekeeping records or the Notice to Employee setting forth all information required to be disclosed to a new employee under Labor Code section 2810.5.

106. Defendants' unlawful acts and omissions deprived Plaintiff of the ability review the documents they received during their employment and to inspect and reconcile their actual time worked with the ultimate pay they received on their wage statements. Plaintiff is entitled to recover the penalties and injunctive relief, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5, and Labor Code sections 226 and 1198.5.

## ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

**Violation of Business and Professions Code §§ 17200 *et seq.***

107. All outside paragraphs of this Complaint are incorporated into this section.

- 22 -

108.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

109.    Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.  These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

110.    Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

111.    Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

112.    Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.*  Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## TWELFTH CAUSE OF ACTION

### RETALIATION AND WRONGFUL TERMINATION

#### Violation of Labor Code §§ 98.6 and 1102.5

113.    All outside paragraphs of this Complaint are incorporated into this section.

114.    Plaintiff brings this cause of action in her individual capacity.

- 23 -

115.    Section 98.6 provides that an employer shall not "discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to their rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that they are owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of themselves or others of any rights afforded them."

116.    Section 1102.5 provides that no employer, or person acting on behalf of an employer, shall "make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

117.    As described above, Defendants violated Labor Code sections 98.6 and 1102.5 by retaliating against Plaintiff for making bona fide complaints about workplace conditions.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.       For certification of this action as a class action;

b.       For appointment of Plaintiff as the class representative;

c.       For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d.       For division of class members into appropriate classes and/or subclasses according to proof;

- 24 -
CLASS ACTION COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

e.   For recovery of all statutory penalties and liquidated damages;

f.   For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g.   For restitution and injunctive relief;

h.   For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802.

i.   For all compensatory and punitive damages;

j.   For recovery of damages in amount according to proof;

k.   For all recoverable pre- and post-judgment interest;

l.   For such other relief the Court deems just and proper.

Dated: February 13, 2024          *Ferraro Vega Employment Lawyers, Inc.*

_____
David X. Lin
*Attorneys for Plaintiff Melissa Placentia*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Ferraro (SBN 306528) / David X. Lin (SBN 312350)<br>Ferraro Vega Employment Lawyers, Inc.<br>3160 Camino del Rio South, Suite 308, San Diego, CA 92108<br>TELEPHONE NO.: (619) 693-7707    FAX NO.: (619) 350-6855<br>EMAIL ADDRESS: nick@ferrarovega.com / david@ferrarovega.com<br>ATTORNEY FOR (Name): Plaintiff Melissa Placentia | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/14/2024** at 10:14:35 AM<br><br>Clerk of the Superior Court<br>By Carla Boston, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: San Diego County Superior Court - Hall of Justice

CASE NAME:
Melissa Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | ☐ Limited<br>(Amount<br>demanded is<br>$35,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2024-00007050-CU-OE-CTL<br><br>Judge Keri Katz |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 12 - Wage and Hour Claims.
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 14, 2024
David X. Lin
(TYPE OR PRINT NAME)                                  ► _____
                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
　*case involves an uninsured*
　*motorist claim subject to*
　*arbitration, check this item*
　*instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or*
　*toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil*
　*harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer*
　　*or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
　*complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent*
　*domain, landlord/tenant, or*
　*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
　*drugs, check this item; otherwise,*
　*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner
　　Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex*
　*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic*
　*relations)*
Sister State Judgment
Administrative Agency Award
　*(not unpaid taxes)*
Petition/Certification of Entry of
　Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-*
　*harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2024-00007050-CU-OE-CTL       CASE TITLE: Placentia vs DAIKIN COMFORT TECHNOLOGIES MANU

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Melissa Placentia

DEFENDANT(S): DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP et.al.

SHORT TITLE: PLACENTIA VS DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2024-00007050-CU-OE-CTL |
|---|---|

Judge: Keri Katz                                   Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                   ☐ Non-binding private arbitration

☐ Mediation (private)                           ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                 Name of Defendant

_____          _____
Signature                                         Signature

_____          _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____          _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/15/2024                                 JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

| PLAINTIFF(S) / PETITIONER(S): | Melissa Placentia |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP et.al. |
|---|---|

PLACENTIA VS DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2024-00007050-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Keri Katz                                    Department: C-74

## COMPLAINT/PETITION FILED: 02/14/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/19/2024 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT B

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
David X. Lin (State Bar No. 312350)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com
david@ferrarovega.com

*Attorneys for Plaintiff Melissa Placentia*

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Phillip Ebsworth (SBN 311026)
pebsworth@seyfarth.com
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

*Attorneys for Defendants*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/20/2024** at 02:42:00 PM
Clerk of the Superior Court
By Mariejo Guyot,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA, *et al.* | Case No. 37-2024-00007050-CU-OE-CTL |
| Plaintiff, | *Hon. Blaine K. Bowman* |
| vs. | *Dept. 74* |
| DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P., *et al.* | **CLASS ACTION** |
| Defendants. | **Stipulated Joint Request for Dismissal of Class Claims (CRC 3.770); ~~[Proposed]~~ Order** |
| | [Filed concurrently with Declaration of David X. Lin] |
| | Action filed:  February 14, 2024 |

Stipulated Joint Request for Dismissal (CRC 3.770); [Proposed] Order

Plaintiff Melissa Placentia ("Plaintiff") and Defendants Daikin Comfort Technologies Manufacturing, L.P., and Daikin Comfort Technologies Distribution, Inc., ("Defendants") through their counsel of record, hereby request that the Court **dismiss Plaintiff's class action claims**, **without prejudice**.

This request is made pursuant to Rule 3.770 of the California Rules of Court, which requires court approval before obtaining a dismissal in a pending class action. The Court may grant the request without a hearing. C.R.C. 3.770(b).

The request must be supported by a declaration with sufficient detail supporting the request. C.R.C. 3.770(a). *See* Declaration of David X. Lin.

This action was filed on February 14, 2024, less than a month before this request to dismiss class claims. No discovery requests have been propounded and no Answer to Plaintiff's Complaint has been filed.

The dismissal of class claims will not prejudice any prospective class members as no class has been certified and no motion for class certification has been made.

The parties have stipulated to this joint request for dismissal of class claims because there is a related action which covers all of the class claims Plaintiff sought to bring against Defendants, in which the parties have settled all claims for a class period that covers the vast majority of Plaintiff's asserted class period–*Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al*., filed in the Superior Court of California, County of Sacramento, Case No. 34-2021-00311588.

Plaintiff therefore seeks to dismiss the class claims she asserted in her Complaint and proceed on an individual basis.

/ / /

/ / /

/ / /

/ / /

- 1 -

Plaintiff's Request for Dismissal (CRC 3.770); [Proposed] Order

The parties therefore jointly request that the Court sign the accompanying proposed order and grant Plaintiff thirty (30) days from the date of the order to amend her complaint and grant Defendants thirty (30) days from the date Plaintiff serves her amended complaint on Defendants to file any response.

Respectfully submitted,

Dated: March 13, 2024                    ***Ferraro Vega Employment Lawyers, Inc.***


                                          */s/ David Lin*_____
                                         David X. Lin
                                         Nicholas J. Ferraro
                                         Lauren N. Vega
                                         *Attorneys for Plaintiff Melissa Placentia*


Dated: March 13, 2024                    SEYFARTH SHAW LLP


                                          */s/ Justin Curley*_____
                                         Justin T. Curley
                                         Phillip J. Ebsworth
                                         Jeffrey A. Nordlander

                                         *Attorneys for Defendants*

Plaintiff's Request for Dismissal (CRC 3.770); [Proposed] Order

## **ORDER**

The Court, having reviewed Plaintiff's Request for Dismissal of Plaintiff Melissa Placentia's class claims, and Pursuant to California Rules of Court Rule 3.770, orders as follows:

1.      Plaintiff's class claims are dismissed without prejudice;

2.      Plaintiff shall file an amended complaint within thirty (30) days of this order; and

3.      Defendants shall file a response to Plaintiff's amended complaint within thirty (30) days of service.

IT IS SO ORDERED.

Dated: _____**03/25/2024**_____      _____
                                        Hon. Blaine K. Bowman
                                        Judge of the Superior Court

- 3 -
Plaintiff's Request for Dismissal (CRC 3.770); [Proposed] Order

**PROOF OF SERVICE**

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On March 13, 2024, I served the within document(s):

**STIPULATED JOINT REQUEST FOR DISMISSAL OF CLASS CLAIMS (CRC 3.770); [PROPOSED] ORDER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by Nationwide Legal.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Nicholas J. Ferraro
Lauren N. Vega
David X. Lin
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
nick@ferrarovega.com
lauren@ferrarovega.com
david@ferrarovega.com

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on March 13, 2024, at San Francisco, California.

_____
Nancy J. Davilla

309724809v.1

# EXHIBIT C

1  SEYFARTH SHAW LLP
   Justin T. Curley (SBN 233287)
2  jcurley@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  SEYFARTH SHAW LLP
   Phillip Ebsworth (SBN 311026)
6  pebsworth@seyfarth.com
   Jeffrey A. Nordlander (SBN 308929)
7  jnordlander@seyfarth.com
   400 Capitol Mall, Suite 2300
8  Sacramento, California 95814
   Telephone: (916) 448-0159
9  Facsimile: (916) 558-4839

10 *Attorneys for Defendants*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**03/28/2024** at 03:51:00 PM
Clerk of the Superior Court
By Christelle Tachon, Deputy Clerk

11

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

12

# COUNTY OF SAN DIEGO

13

14

15 MELISSA PLACENTIA, *et al.*

16                    Plaintiff,

17         vs.

18 DAIKIN COMFORT TECHNOLOGIES
   MANUFACTURING, L.P., *et al.*
19

20                    Defendants.

Case No. 37-2024-00007050-CU-OE-CTL

*Hon. Blaine K. Bowman*
*Dept. 74*

**NOTICE OF ENTRY OF ORDER**

Action filed:  February 14, 2024

21

22

23

24

25

26

27

28

---

NOTICE OF ENTRY OF ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 25, 2024, Department 74 of the San Diego County Superior Court issued an Order granting the Parties' Joint Stipulation to Dismiss Class Claims.  A true and correct copy of this Order is attached hereto.

Dated:  March 28, 2024                    SEYFARTH SHAW LLP

_____
Justin T. Curley
Phillip J. Ebsworth
Jeffrey A. Nordlander

*Attorneys for Defendants*

- 1 -

NOTICE OF ENTRY OF ORDER

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
David X. Lin (State Bar No. 312350)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com
david@ferrarovega.com

*Attorneys for Plaintiff Melissa Placentia*

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Phillip Ebsworth (SBN 311026)
pebsworth@seyfarth.com
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

*Attorneys for Defendants*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/20/2024** at 02:42:00 PM
Clerk of the Superior Court
By Mariejo Guyot,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA, *et al.* | Case No. 37-2024-00007050-CU-OE-CTL |
| Plaintiff, | *Hon. Blaine K. Bowman* |
| vs. | *Dept. 74* |
| DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P., *et al.* | **CLASS ACTION** |
| Defendants. | **Stipulated Joint Request for Dismissal of Class Claims (CRC 3.770); [Proposed] Order** |
| | [Filed concurrently with Declaration of David X. Lin] |
| | Action filed:  February 14, 2024 |

Plaintiff Melissa Placentia ("Plaintiff") and Defendants Daikin Comfort Technologies Manufacturing, L.P., and Daikin Comfort Technologies Distribution, Inc., ("Defendants") through their counsel of record, hereby request that the Court **dismiss Plaintiff's class action claims**, **without prejudice**.

This request is made pursuant to Rule 3.770 of the California Rules of Court, which requires court approval before obtaining a dismissal in a pending class action. The Court may grant the request without a hearing. C.R.C. 3.770(b).

The request must be supported by a declaration with sufficient detail supporting the request. C.R.C. 3.770(a). *See* Declaration of David X. Lin.

This action was filed on February 14, 2024, less than a month before this request to dismiss class claims. No discovery requests have been propounded and no Answer to Plaintiff's Complaint has been filed.

The dismissal of class claims will not prejudice any prospective class members as no class has been certified and no motion for class certification has been made.

The parties have stipulated to this joint request for dismissal of class claims because there is a related action which covers all of the class claims Plaintiff sought to bring against Defendants, in which the parties have settled all claims for a class period that covers the vast majority of Plaintiff's asserted class period–*Martin Bartholomew v. Goodman Manufacturing Company, L.P., et al*., filed in the Superior Court of California, County of Sacramento, Case No. 34-2021-00311588.

Plaintiff therefore seeks to dismiss the class claims she asserted in her Complaint and proceed on an individual basis.

/ / /

/ / /

/ / /

/ / /

- 1 -

1    The parties therefore jointly request that the Court sign the accompanying proposed order and

2   grant Plaintiff thirty (30) days from the date of the order to amend her complaint and grant Defendants

3   thirty (30) days from the date Plaintiff serves her amended complaint on Defendants to file any

4   response.

5

6   Respectfully submitted,

7

8   Dated: March 13, 2024                    ***Ferraro Vega Employment Lawyers, Inc.***

9

10                                            */s/ David Lin*_____

11                                           David X. Lin
                                             Nicholas J. Ferraro

12                                           Lauren N. Vega
                                             *Attorneys for Plaintiff Melissa Placentia*

13

14

15  Dated: March 13, 2024                    SEYFARTH SHAW LLP

16

17                                           */s/ Justin Curley*_____

18                                           Justin T. Curley
                                             Phillip J. Ebsworth

19                                           Jeffrey A. Nordlander

20                                           *Attorneys for Defendants*

21

22

23

24

25

26

27

28

- 2 -

## **<u>ORDER</u>**

The Court, having reviewed Plaintiff's Request for Dismissal of Plaintiff Melissa Placentia's class claims, and Pursuant to California Rules of Court Rule 3.770, orders as follows:

1.    Plaintiff's class claims are dismissed without prejudice;

2.    Plaintiff shall file an amended complaint within thirty (30) days of this order; and

3.    Defendants shall file a response to Plaintiff's amended complaint within thirty (30) days of service.

IT IS SO ORDERED.

Dated: _____03/25/2024_____

_____
Hon. Blaine K. Bowman
Judge of the Superior Court

Plaintiff's Request for Dismissal (CRC 3.770); [Proposed] Order

1

## PROOF OF SERVICE

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.

3

On March 13, 2024, I served the within document(s):

4

    **STIPULATED JOINT REQUEST FOR DISMISSAL OF CLASS CLAIMS (CRC 3.770);**

5

**[PROPOSED] ORDER**

6

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

7

8

☐    by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by Nationwide Legal.

9

☐    by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

10

11

☒    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12

☐    electronically by using the Court's ECF/CM System.

13

14

Nicholas J. Ferraro
Lauren N. Vega

15

David X. Lin
Ferraro Vega Employment Lawyers, Inc.

16

3160 Camino del Rio South, Suite 308
San Diego, California 92108

17

nick@ferrarovega.com
lauren@ferrarovega.com

18

david@ferrarovega.com

19

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

20

postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

21

after date of deposit for mailing in affidavit.

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

    Executed on March 13, 2024, at San Francisco, California.

25

26

_____

Nancy J. Davilla

27

28

309724809v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On March 28, 2024, I served the within document(s):

### NOTICE OF ENTRY OF ORDER

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐    by causing the document listed above to be personally delivered to the person(s) at the address(es) set forth below by Nationwide Legal.

☐    by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐    electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Nicholas J. Ferraro | Attorneys for PLAINTIFF |
| Lauren N. Vega | |
| David X. Lin | |
| Ferraro Vega Employment Lawyers, Inc. | nick@ferrarovega.com |
| 3160 Camino del Rio South, Suite 308 | lauren@ferrarovega.com |
| San Diego, California 92108 | david@ferrarovega.com |
| | marissa@ferrarovega.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 28, 2024, at San Francisco, California.

_____
Nancy J. Davilla

309724809v.1

# EXHIBIT D

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Ferraro (SBN 306528) / Lauren N. Vega (SBN 306525)<br>Ferraro Vega Employment Lawyers, Inc.<br>3333 Camino del Rio South, Suite 300<br>San Diego, CA 92108<br><br>TELEPHONE NO.: (619) 693-7727    FAX NO. *(Optional):* (619) 350-6855<br>E-MAIL ADDRESS *(Optional):* nick@ferrarovega.com / lauren@ferrarovega.com<br>ATTORNEY FOR *(Name):* Plaintiff Melissa Placentia | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego 92101 |
| BRANCH NAME: San Diego County Superior Court - Hall of Justice |

| PLAINTIFF/PETITIONER: Melissa Placentia | CASE NUMBER:<br>37-2024-00007050-CU-OE-CTL |
|---|---|
| DEFENDANT/RESPONDENT: Daikin Comfort Technologies Manufacturing, L.P., et al. | JUDICIAL OFFICER:<br>Blaine K. Bowman |

| **NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION** | DEPT.:<br>74 |
|---|---|

1. **Please take notice** that, as of *(date):* March 28, 2024

   ☐ the following self-represented party or

   ☑ the attorney for:

   a. ☑ plaintiff *(name):* Plaintiff Melissa Placentia

   b. ☐ defendant *(name):*

   c. ☐ petitioner *(name):*

   d. ☐ respondent *(name):*

   e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* Nicholas J. Ferraro / Lauren N. Vega

   is as follows:

   a. Street: 3333 Camino del Rio South, Suite 300

   b. City: San Diego

   c. Mailing address *(if different from above):*

   d. State and zip code: California        92108

   e. Telephone number: (619) 693-7727

   f. Fax number (if available): (619) 350-6855

   g. E-mail address (if available): nick@ferrarovega.com / lauren@ferrarovega.com

3. **All notices and documents** regarding the action should be sent to the above address.

   Date: March 28, 2024

   Nicholas J. Ferraro                                          *Nicholas J. Ferraro*
   _____              ►         _____
   (TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [Rev. January 1, 2013]    **NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION**    Cal. Rules of Court, rules 2.200 and 8.816<br>www.courts.ca.gov

**MC-040**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Melissa Placentia | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Daikin Comfort Technologies Manufacturing, L.P., et al. | 37-2024-00007050-CU-OE-CTL |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
**NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION**

*(NOTE: This page may be used for proof of service by first-class mail of the **Notice of Change of Address or Other Contact Information**. Please use a different proof of service, such as **Proof of Service—Civil (form POS-040)**, if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the **Notice of Change of Address or Other Contact Information** if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:

   a. on *(date):*
   b. at *(city and state):*

5. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ▶      _____
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

**NOTICE OF CHANGE OF ADDRESS
OR OTHER CONTACT INFORMATION**

# EXHIBIT E

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
David X. Lin (State Bar No. 312350)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
david@ferrarovega.com

*Attorneys for Plaintiff Melissa Placentia*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA,<br><br>             Plaintiff,<br><br>    vs.<br><br>DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC., and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 37-2024-00007050-CU-OE-CTL<br><br>*Hon. Blaine K. Bowman*<br>*Dept. 74*<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  Failure to Pay All Overtime Wages<br>2.  Meal Period Violations<br>3.  Rest Period Violations<br>4.  Failure to Pay Rest Period Wages<br>5.  Paid Sick Leave Violations<br>6.  Untimely Payment of Wages<br>7.  Wage Statement Violations<br>8.  Waiting Time Penalties<br>9.  Failure to Reimburse Business Expenses<br>10. Failure to Provide Records<br>11. Unfair Competition<br>12. Retaliation and Wrongful Termination |

Plaintiff MELISSA PLACENTIA ("Plaintiff") brings this FIRST AMENDED COMPLAINT against Defendants DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC; and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1.       Plaintiff brings this action against Defendants for violating her rights under the California Labor Code and applicable IWC Wage Orders, including the right to all overtime wages earned, meal and rest periods and associated premiums, timely payment of wages, and waiting time penalties, sick leave wages, and reimbursement of necessary business expenses.

2.       Plaintiff also brings an action for retaliation and wrongful termination as Defendants terminated Plaintiff's employment after she made a bona fide complaint against her branch manager for having an inappropriate workplace relationship, depriving Plaintiff and other employees of their rights and wages under California law, and entering fraudulent transactions.

3.       Defendants also maintained policies, practices, and procedures which deprived Plaintiff of proper reimbursements for all necessary business expenses, such as the use of her personal cell phones and personal vehicle, incurred in the discharge of her duties.

4.       Plaintiff seeks to hold Defendants accountable for their pattern and practice of Labor Code violations, and seeks damages accordingly.

## JURISDICTION & VENUE

5.       Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

6.       The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

7.       This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

8.     Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conduct business and committed some of the alleged violations in this county.

## PARTIES

**A.     Plaintiff Melissa Placentia**

9.     Plaintiff Placentia is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about August 23, 2021 to October 3, 2023.  Plaintiff worked as a Customer Service Representative.

**B.     Defendants**

10.     Defendant Daikin Comfort Technologies Manufacturing, L.P. is a Texas limited partnership that maintains operations and conducts business throughout the State of California, including in this county.

11.     Defendant Daikin Comfort Technologies Distribution, Inc. is a Texas corporation that maintains operations and conducts business throughout the State of California, including in this county.

12.     Defendant Daikin Comfort Technologies North America, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

13.     Defendants produce, sell, and distribute commercial, industrial, and institutional heating, ventilation, and air conditioning (HVAC) products, and employed Plaintiff at one of their California facilities as described above.

14.     The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474.  Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein.  This Complaint may be amended to reflect their true names and capacities once ascertained.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

15.     Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

16.     Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

17.     Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## GENERAL ALLEGATIONS

18.     Defendants failed to pay Plaintiff all overtime wages owed at the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. Specifically, Defendants paid non-discretionary bonuses and other forms of renumeration to Plaintiff, but failed to include these forms of payment in the regular rate of pay for purposes of paying overtime.

19.     For example, Plaintiff was eligible to earn non-discretionary bonuses for meeting quarterly sales goals. As illustrated on Plaintiff's wage statements for the pay period ending May 6, 2023, Plaintiff earned a bonus of $16.74 and worked 0.45 overtime hours. Instead of paying overtime at the regular rate of pay, Defendants paid Plaintiff's overtime at an hourly rate of $33.975, which is 1.5x her base hourly rate. *See Figs. 1 and 2 below*.

/ / /

/ / /

/ / /

- 3 -
FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



**DAIKIN COMFORT TECHNOLOGIES DIST INC**
19001 Kermier Rd
Waller, TX 77484
713-861-2500

**Pay Statement**

| | |
|---|---|
| Period Start Date | 04/30/2023 |
| Period End Date | 05/06/2023 |
| Pay Date | 05/12/2023 |
| Document | 546013 |
| **Net Pay** | **$854.84** |

**Pay Details**

**MELISSA M PLACENTIA MARTINEZ**

| | | | |
|---|---|---|---|
| Employee Number | 073848 | Pay Group | GDI Weekly |
| SSN | XXX-XX-XXXX | Location | 732 THOUSAND PALMS |
| Job | CSR INSIDE SALES 1 | Division-BU | SALES - SALES |
| Pay Rate | $22.6500 | Function | SCA - SO-CAL REGION |
| Pay Frequency | Weekly | Department | 6017 - 732-THOUSAND PALMS |
| | | Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $528.00 |
| OVERTIME | | | | $140.07 |
| Shift 1 | 0.4500 | $22.6500 | $10.19 | - |
| OVERTIME PREM | | | | $70.05 |
| Shift 1 | 0.4500 | $11.3250 | $5.10 | - |
| REGULAR | | | | $13,570.18 |
| Shift 1 | 34.4667 | $22.6500 | $780.67 | - |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | | | | $1,549.10 |
| Shift 1 | 8.0000 | $22.6500 | $181.20 | - |

Total Hours Worked  34.9167    Total Hours  42.9167

19  *Fig. 1, wage statement ending May 6, 2023 showing overtime*

20

21  ///

22

23  ///

24

25  ///

26

27  ///

28

- 4 -

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**DAIKIN**

DAIKIN COMFORT TECHNOLOGIES DIST INC
19001 Kermier Rd
Waller, TX 77484
713-861-2500

Pay Statement

| | |
|---|---|
| Period Start Date | 04/30/2023 |
| Period End Date | 05/06/2023 |
| Pay Date | 05/16/2023 |
| Document | 548444 |
| **Net Pay** | **$9.78** |

**Pay Details**

MELISSA M PLACENTIA MARTINEZ

| | | | | |
|---|---|---|---|---|
| Employee Number | 073848 | Pay Group | GDI Weekly |
| SSN | XXX-XX-XXXX | Location | 732 THOUSAND PALMS |
| Job | CSR INSIDE SALES 1 | Division-BU | SALES - SALES |
| | | Function | SCA - SO-CAL REGION |
| Pay Rate | $22.6500 | Department | 6017 - 732-THOUSAND PALMS |
| Pay Frequency | Weekly | Work Center | 00005 - 00005 |

**Earnings**

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| BEREAVEMENT | 0.0000 | $0.0000 | $0.00 | $352.00 |
| BONUS | | | $16.74 | $16.74 |
| HOLIDAY | 0.0000 | $0.0000 | $0.00 | $528.00 |
| OVERTIME | 0.0000 | $0.0000 | $0.00 | $140.07 |
| OVERTIME PREM | 0.0000 | $0.0000 | $0.00 | $70.05 |
| REGULAR | 0.0000 | $0.0000 | $0.00 | $13,570.18 |
| SICK | 0.0000 | $0.0000 | $0.00 | $528.00 |
| VACATION | 0.0000 | $0.0000 | $0.00 | $1,549.10 |

Total Hours Worked  0.0000    Total Hours  0.0000

*Fig. 2, wage statement ending May 6, 2023 showing bonus*

20.    Plaintiff also earned other forms of renumeration, such as a payment which appears on wage statements as "Taxable Awards," which Defendants also failed to include in employees' regular rate of pay.

21.    Defendants failed to provide Plaintiff with all paid sick leave owed. For example, Plaintiff when needed to take sick leave when she contracted COVID, Defendants refused to pay Plaintiff her accrued sick leave wages.

22.    If Defendants did pay sick leave wages, they did so at the improper rate of pay because they failed to include all non-discretionary bonuses and other forms of renumeration into employees' regular rate of pay.

- 5 -

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

23.    Defendants failed to provide Plaintiff with the opportunity to take all timely, uninterrupted, off-duty meal periods. As a result of her workloads and the need to cover missing employees, Plaintiff had to continue working and therefore was forced to take late or otherwise non-compliant meal periods.

24.    Despite failing to provide Plaintiff with all legally-compliant meal periods, Defendants did not pay Plaintiff all required meal period premiums. For example, Plaintiff's wage statements reflect no meal period premiums paid whatsoever. *See*, *e.g.*, *Fig. 3*:

**Melissa Placentia Martinez - 073848 - DAIKIN COMFORT TECHNOLOGIES DIST INC**

## Total Compensation

Year 2023

Total Compensation **$39,121.07**

| Earnings Paid | $35,676.51 | Employer Paid Benefits | $487.86 | Employer Paid Taxes | $2,956.70 |
|---|---|---|---|---|---|
| Earning | Amount | Deduction | Amount | Tax | Amount |
| ADJUSTMENT | $0.62 | 401K Match | $356.78 | CA Emp Training/Fund ER Exp | $7.01 |
| BEREAVEMENT | $352.00 | BASIC LIFE HR | $43.28 | | |
| BONUS | $17.07 | LONG TERM DISABILITY HRLY | $87.80 | CA Unemployment Employer | $178.44 |
| HOLIDAY TIME | $1,071.60 | | | Employer Medicare | $517.31 |
| OVERTIME HALFTIME | $290.51 | | | Federal Unemployment Tax | $42.00 |
| OVERTIME STRAIGHT | $580.99 | | | Social Security Employer Tax | $2,211.94 |
| REGULAR HOURS | $31,060.12 | | | | |
| SICK PAY | $528.00 | | | | |
| VACATION PAY | $1,775.60 | | | | |

*Fig. 3, summary of all earnings paid to Plaintiff for the year 2023*

25.    Similarly, Defendants failed to provide Plaintiff with the opportunity to take all timely, uninterrupted, off-duty rest periods. As a result of her workload and the need to cover missing employees, Plaintiff had to continue working through her rest periods.

26.    Despite failing to provide Plaintiff with all legally-compliant rest periods, Defendants did not pay Plaintiff all required rest period premiums. For example, Plaintiff's wage statements reflect no rest period premiums paid whatsoever. *See*, *e.g.*, *Fig. 3 above*:

- 6 -

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

27.     Moreover, Defendants failed to pay Plaintiff all wages owed for her "nonproductive" rest and recovery periods as Defendants failed to pay for rest periods separately at the appropriate rate. Rather Defendants paid Plaintiff at her base hourly rate for rest periods because Defendants did not account for rest periods separately and because they did not incorporate all forms of qualifying renumeration into Plaintiff's proper rate of pay for rest periods.

28.     Defendants violated Labor Code sections 204 and 204b by failing to pay all wages and premiums owed on the regular pay days scheduled each pay period within seven calendar days of the close of the payroll period as a result of the policies and practices set forth in this complaint.

29.     As described above, Defendants failed to pay Plaintiff all overtime wages, sick leave wages, and meal and rest period premiums. These payments remain owing to this day. As such, Defendants have not timely paid all wages and premiums due.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

30.    Moreover, a number of Plaintiff's paychecks were issued more than seven days after the end of the pay period. *See*, *e.g.*, *Figs. 4 and 5 below*.



*Fig. 4, wage statement for period ending Sept. 23, 2023, paid Oct 3, 2023*

/ / /

/ / /

/ / /

- 8 -



*Fig. 5, wage statement for period ending Sept. 16, 2023, paid Sept. 27, 2023*

31.     As described above, Defendants failed to pay Plaintiff all overtime wages, sick leave wages, and meal and rest period premiums owed. These payments remain owing to this day long after Plaintiff has separated from employment with Defendants. As such, Defendants have not timely paid all wages and premiums due in violation of Labor Code sections 201 and 202, and have yet to pay waiting time penalties owed under Labor Code section 203.

32.     Defendants failed to provide accurate itemized wage statements to Plaintiff during each pay period as a result of the policies and practices set forth above. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

33.    Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to Plaintiff at the proper rates. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

34.    As described above, Defendants failed to include all forms of renumeration into the regular rate of pay for overtime, sick leave, and premium purposes, and failed to list on her wage statements the number and amount of meal and rest period premiums owed.

35.    Defendants required Plaintiff to incur costs for work-related purposes without full reimbursement. In direct consequence of her job duties, Plaintiff unavoidably and necessarily incurred these losses, expenditures, and costs.

36.    For example, Plaintiff used her personal cell phone and personal vehicle in the discharge of her duties. Plaintiff needed to use her personal cell phone to keep in direct contact with contractors and other staff, and she used her personal vehicle to transport contractors to retrieve necessary parts. However, Defendants never reimbursed Plaintiff for these necessary business expenses, nor did they make reimbursement forms readily available for Plaintiff to submit her expenses for reimbursement.

37.    After Plaintiff submitted a written record for her employment records in accordance with Labor Code sections 226(b), 432, and 1198.5, and the Records section of the applicable IWC Wage Orders, Defendants failed to provide Plaintiff's timekeeping records or the Notice to Employee setting forth all information required to be disclosed to a new employee under Labor Code section 2810.5.

38.    Additionally, Defendants engaged in retaliation against Plaintiff for making a protected bona fide complaint, culminating in her wrongful termination.

39.    Plaintiff reported and complained of an inappropriate relationship between her branch manager and another employee, as well as potentially fraudulent and illegal activities committed by

the two of them. Plaintiff complained that the inappropriate relationship between the branch manager and other employee negatively affected the workplace because their frequent rendezvous often left the workplace short-staffed, so Plaintiff and other employees were deprived of their opportunities to take compliant meal and rest periods.

40.    Moreover, Plaintiff complained that the branch manager and other employee were creating fraudulent sales records in order to cover up the time that they spent together not working. In retaliation for Plaintiff's report and complaints, Defendants stripped her of accommodations previously provided to her for in the workplace, created a pretextual disciplinary write-up against her, and ultimately discharged her.

<u>**FIRST CAUSE OF ACTION**</u>

**FAILURE TO PAY ALL OVERTIME WAGES**

**Violation of Labor Code §§ 510 and 1194**

41.    All outside paragraphs of this Complaint are incorporated into this section.

42.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

43.    Defendants failed in their affirmative obligation to pay Plaintiff no less than one and one-half times her "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

44.    Plaintiff is entitled to recover the full amount of the unpaid overtime, in addition to interest, penalties, and attorneys' fees, and costs to the extent permitted by law.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**SECOND CAUSE OF ACTION**

**MEAL PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 512**

45.    All outside paragraphs of this Complaint are incorporated into this section.

46.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

47.    Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff with compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

48.    Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

49.    Plaintiff is entitled to recover the full amount of the meal period premiums owed, in addition to interest, penalties, and attorneys' fees, and costs to the extent permitted by law.

**THIRD CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

50.    All outside paragraphs of this Complaint are incorporated into this section.

51.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an

- 12 -

employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

52.     Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

53.     Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff one additional hour of pay at the regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## **FOURTH CAUSE OF ACTION**

### **FAILURE TO PAY FOR AUTHORIZED REST PERIODS/NON-PRODUCTIVE TIME**

54.     All outside paragraphs of this Complaint are incorporated into this section.

55.     Because Plaintiff was not separately compensated for rest periods (a rate required by statute) and non-productive time, Plaintiff is owed wages for this time.[1]

56.     The IWC Wage Orders state Plaintiff must be paid for all "hours worked" for time they are "subject to the control of the employer, and includes all the time the employee is suffered or permitted to work."  Cal. Code Regs., tit. 8, § 11040, subd. 2(k).

57.     The IWC Wage Orders state rest periods are "hours worked for which there will be no deduction from wages."  Cal. Code Regs., tit. 8, § 11040, subd. 12(a).

58.     Labor Code section 226.2 applies to employees who are compensated in whole, or in part, on a piece-rate basis.  Section 226.2(a)(1) requires employers to compensate employees for "rest and recovery periods and other non-productive time spent separate from any piece rate compensation."

59.     Non-productive time must be compensated at a rate no less than the applicable state or local minimum wage.  Cal. Lab. Code § 226.2(a)(4).

---

[1] *See Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal. App. 5th 98; *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal. App. 4th 864, 872.

60.    Rest and recovery periods must be compensated the *higher* of (1) an average hourly rate taken by dividing an employee's total compensation for the workweek (exclusive of overtime and rest and recovery compensation) by the employee's total hours worked or (2) the applicable minimum wage.  Cal. Lab. Code § 226.2(a)(3)(A).

61.    Defendants willfully failed in their affirmative obligation to pay Plaintiff at least the lawful minimum wage for each hour worked (including all non-productive time) in violation of Labor Code sections 226.2, 1182.12, 1194, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.

62.    Defendants also failed in their affirmative obligation to pay Plaintiff for rest periods at the rate required by section 226.2(a)(3)(A), resulting in unpaid wages.

63.    Defendants' unlawful acts and omissions deprived Plaintiff of minimum, regular and overtime, and premium wages in amounts to be determined at trial.  Plaintiff is entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

#### Violation of Labor Code §§ 200, 218, 246 *et seq.*

64.    All outside paragraphs of this Complaint are incorporated into this section.

65.    Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff in violation of Labor Code section 246 *et seq.*  Paid sick leave earnings constitute wages for purposes of California wage and hour law.  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

66.    Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

- 14 -

[A]n employer shall calculate paid sick leave using any of the following calculations:

(1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

(2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

67. Defendants failed to pay Plaintiff her paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in the sick leave calculation the additional remuneration earned by Plaintiff.

68. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to Plaintiff at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

69. Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020. Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021. Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

70. Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

71.    Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

  (I)    Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

  (II)    Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

  (III)    The state minimum wage.

  (IV)    The local minimum wage to which the covered employee is entitled.

72.    Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

73.    On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in her sick leave calculation the additional remuneration received by Plainitff.

74.    As a result, Defendants violated the Labor Code and are liable to Plaintiff for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

75.    All outside paragraphs of this Complaint are incorporated into this section.

76.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

77.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff twice during each calendar

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

78.    Plaintiff is entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

79.    All outside paragraphs of this Complaint are incorporated into this section.

80.    This cause of action is brought pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

81.    Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff resulting in injury to Plaintiff.  Specifically, the wage statements issued to Plaintiff did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

82.    Defendants' unlawful acts and omissions deprived Plaintiff of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

83.    As a result, Plaintiff are entitled to recover the statutory penalty of $50 for the initial pay period in which a violation occurred and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

## EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### Violation of Labor Code §§ 201 *et seq.*

84.    All outside paragraphs of this Complaint are incorporated into this section.

85.    This cause of action is brought pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

86.    Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

87.    Plaintiff is entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

#### Violation of Labor Code § 2802

88.    All outside paragraphs of this Complaint are incorporated into this section.

89.    Defendants willfully failed in their affirmative obligation to reimburse Plaintiff for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

90.    Defendants' unlawful acts and omissions deprived Plaintiff of lawful reimbursements for business expenses in amounts to be determined at trial.  Plaintiff is entitled to recover the amount unreimbursed expenses of Plaintiff in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

**TENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE RECORDS**

**Violation of Labor Code §§ 226, 432, and 1198.5**

91.     All outside paragraphs of this Complaint are incorporated into this section.

92.     Labor Code section 432 states that [i]f an employee. . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

93.     Labor Code section 226(b) grants employees the right to inspect or receive "a copy of records pertaining to their employment."  Labor Code section 226(f) authorizes a penalty of $750 for an employer's failure to comply with a request for records made under section 226.

94.     Labor Code section 1198.5 requires employers to provide an employee's "personnel records" within 30 days of receipt of the request.  Section 1198.5(k) authorizes a penalty of $750 for an employer's failure to provide a copy of or permit inspection of personnel records.  Section 1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this section and authorizes the recovery of attorneys' fees and costs.

95.     Section 7 (Records) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, requires that employers maintain time records of when an employee begins and ends each work period and when the employee takes meal periods, among other required employment and payroll records.  Section 7(C) states that "[a]n employee's records shall be made available for inspection by the employee upon reasonable request."

96.     Plaintiff requested from Defendants all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5. As described above, the production of employment records Defendants made in response to Plaintiff's written request did not include Plaintiff's timekeeping records or the Notice to Employee setting forth all information required to be disclosed to a new employee under Labor Code section 2810.5.

97.     Defendants' unlawful acts and omissions deprived Plaintiff of the ability review the documents they received during their employment and to inspect and reconcile their actual time worked with the ultimate pay they received on their wage statements.  Plaintiff is entitled to recover the penalties and injunctive relief, in addition to interest, attorneys' fees, and costs to the extent

- 19 -

permitted by law, including under Code of Civil Procedure section 1021.5, and Labor Code sections 226 and 1198.5.

### ELEVENTH CAUSE OF ACTION

#### UNFAIR COMPETITION

#### Violation of Business and Professions Code §§ 17200 *et seq.*

98.     All outside paragraphs of this Complaint are incorporated into this section.

99.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

100.     Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

101.     Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

102.     Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

103.     Plaintiff is entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff has an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff is further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **TWELFTH CAUSE OF ACTION**

### **RETALIATION AND WRONGFUL TERMINATION**

#### **Violation of Labor Code §§ 98.6 and 1102.5**

104.    All outside paragraphs of this Complaint are incorporated into this section.

105.    Section 98.6 provides that an employer shall not "discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to their rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that they are owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of themselves or others of any rights afforded them."

106.    Section 1102.5 provides that no employer, or person acting on behalf of an employer, shall "make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

107.    As described above, Defendants violated Labor Code sections 98.6 and 1102.5 by retaliating against Plaintiff for making bona fide complaints about workplace conditions.

FIRST AMENDED COMPLAINT
*Placentia v. Daikin Comfort Technologies Manufacturing, L.P., et al.*

### **PRAYER**

Plaintiff prays for judgment as follows:

a.      For all compensatory and punitive damages;

b.      For recovery of all statutory penalties and liquidated damages;

c.      For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

d.      For restitution and injunctive relief;

e.      For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802.

f.      For recovery of damages in amount according to proof;

g.      For all recoverable pre- and post-judgment interest;

h.      For such other relief the Court deems just and proper.

Dated: March 29, 2024                    *Ferraro Vega Employment Lawyers, Inc.*

_____

David X. Lin
*Attorney for Plaintiff Melissa Placentia*

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
David X. Lin (State Bar No. 312350)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com
david@ferrarovega.com

*Attorneys for Plaintiff Melissa Placentia*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA *et al.*<br><br>           Plaintiffs,<br><br>    vs.<br><br>DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P. *et al.*<br><br>           Defendants. | Case No. 37-2024-00007050-CU-OE-CTL<br><br>*Hon. Blaine K. Bowman*<br>*Dept.* 74<br><br>**Proof of Service** |

## PROOF OF SERVICE

1.      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Diego County; my business address is Ferraro Vega Employment Lawyers, 3333 Camino del Rio South, Suite 300, San Diego, California 92108.

2.      My email address is: marissa@ferrarovega.com

3.      On March 29, 2024, I served the following documents:

**1.      First Amended Complaint**

4.      I served the abovementioned document(s) on the following person(s):

Justin T. Curley, Esq. - JCurley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Phillip J. Ebsworth, Esq. - pebsworth@seyfarth.com
Jeff Nordlander, Esq. - jnordlander@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Eric May, Esq. - EMay@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park E, Ste 3500, Los Angeles, CA 90067-3021
Phone: 310-277-7200
Fax: 310-201-5219

Nancy Davilla - NDavilla@seyfarth.com
Laura D. Bovee - lbovee@seyfarth.com

*Attorneys for Defendants Daikin Comfort Technologies Manufacturing, L.P., Daikin Comfort Technologies Distribution, Inc., and Daikin Comfort Technologies North America, Inc.*

5.      The documents were served through the following means:

***By Email or Electronic Transmission.***  Based on a court order or agreement of the parties to accept service by email or electronic transmission under CRC 2.251, I electronically served the documents via email transmission to the individuals identified above.

- 1 -

6.    I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

7.    This proof of service was executed in San Diego, California on March 29, 2024.

*Ferraro Vega Employment Lawyers, Inc.*

Marissa Rodriguez

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
David X. Lin (State Bar No. 312350)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
nick@ferrarovega.com / lauren@ferrarovega.com
david@ferrarovega.com

*Attorneys for Plaintiff Melissa Placentia*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA *et al.* | Case No. 37-2024-00007050-CU-OE-CTL |
| Plaintiffs, | *Hon. Blaine K. Bowman* |
| vs. | *Dept.* 74 |
| DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P. *et al.* | **Proof of Service** |
| Defendants. | |

## PROOF OF SERVICE

1.      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Diego County; my business address is Ferraro Vega Employment Lawyers, 3333 Camino del Rio South, Suite 300, San Diego, California 92108.

2.      My email address is: marissa@ferrarovega.com

3.      On March 29, 2024, I served the following documents:

**1.      First Amended Complaint**

4.      I served the abovementioned document(s) on the following person(s):

Justin T. Curley, Esq. - JCurley@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Phillip J. Ebsworth, Esq. - pebsworth@seyfarth.com
Jeff Nordlander, Esq. - jnordlander@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Eric May, Esq. - EMay@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park E, Ste 3500, Los Angeles, CA 90067-3021
Phone: 310-277-7200
Fax: 310-201-5219

Nancy Davilla - NDavilla@seyfarth.com
Laura D. Bovee - lbovee@seyfarth.com

*Attorneys for Defendants Daikin Comfort Technologies Manufacturing, L.P., Daikin Comfort Technologies Distribution, Inc., and Daikin Comfort Technologies North America, Inc.*

5.      The documents were served through the following means:

***By Email or Electronic Transmission.***  Based on a court order or agreement of the parties to accept service by email or electronic transmission under CRC 2.251, I electronically served the documents via email transmission to the individuals identified above.

6.      I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

7.      This proof of service was executed in San Diego, California on March 29, 2024.

*Ferraro Vega Employment Lawyers, Inc.*

Marissa Rodriguez
_____
Marissa Rodriguez

Proof of Service

# EXHIBIT F

BatchPrintExtract_01.csv-392-000000003

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER:   (619) 450-7074 | |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Melissa Placentia

DEFENDANT(S)/RESPONDENT(S): DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP et.al.

Short Title: Placentia vs DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP [IMAGED]



| NOTICE OF RESCHEDULED HEARING | CASE NUMBER:<br>37-2024-00007050-CU-OE-CTL |
|---|---|

Notice is given that the hearing in the above-entitled case has been rescheduled from 07/19/2024  10:00 AM  to date and time shown below.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/19/2024 | 09:30 am | C-74 | Blaine K. Bowman |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

Counsel/Plaintiff in pro per: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice. A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** PLACENTIA VS DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP [IMAGED]



| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2024-00007050-CU-OE-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 04/01/2024. The mailing occurred at Gardena, California on 04/02/2024.

Clerk of the Court, by: _____G. Mendoza_____ , Deputy

NICHOLAS J FERRARO
3160 CAMINO DEL RIO SOUTH # 308
SAN DIEGO, CA 92108

JUSTIN T CURLEY
SEYFARTH SHAW LLP
560 MISSION STREET # 31ST FLOOR
SAN FRANCISCO, CA 94105

DAVID LIN
3333 CAMINO DEL RIO SOUTH # 300
SAN DIEGO, CA 92108

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

BatchPrintExtract_01.csv-391-000000003

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000391 000000003
||||||||||||||||||||||||||||||||||||||||||||||||||||||||||    

JUSTIN T CURLEY
SEYFARTH SHAW LLP
560 MISSION ST FL 31
SAN FRANCISCO CA 94105-2930

# EXHIBIT G

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Eric W. May (SBN 264733)
emay@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
DAIKIN COMFORT TECHNOLOGIES
MANUFACTURING, L.P., DAIKIN COMFORT
TECHNOLOGIES DISTRIBUTION, INC., and DAIKIN
COMFORT TECHNOLOGIES NORTH AMERICA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MELISSA PLACENTIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAIKIN COMFORT TECHNOLOGIES MANUFACTURING, L.P.; DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION, INC.; DAIKIN COMFORT TECHNOLOGIES NORTH AMERICA, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 37-2024-00007050-CU-OE-CTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF MELISSA PLACENTIA'S UNVERIFIED FIRST AMENDED COMPLAINT** |

Defendants Daikin Comfort Technologies Manufacturing, L.P., Daikin Comfort Technologies Distribution, Inc., and Daikin Comfort Technologies North America, Inc. (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer to the unverified First Amended Complaint ("Complaint"), filed by Plaintiff Melissa Placentia ("Plaintiff").

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint and without limiting the generality of the foregoing, deny generally and specifically that Plaintiff has been damaged in the manner or sums alleged, or any way at all, by reason of any acts or omissions of Defendants. Defendants further deny, generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

## SEPARATE ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure To State A Cause Of Action Or Claim For Relief—All Causes of Action)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

## SECOND DEFENSE

### (Statute Of Limitations—All Causes of Action)

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Government Code Sections 12940 *et seq.*; California Labor Code Sections 98.7 and 1198.5; California Code of Civil Procedure §§ 312, 335.1, 338, 340 and 343, and California Business and Professions Code section 17200, *et seq.*

### THIRD DEFENSE

### (Laches, Waiver, Estoppel—All Causes of Action)

3.      Plaintiff is not entitled to any relief to the extent that she forfeited her right to relief under the doctrine of laches, waived her right to relief, and/or is estopped from seeking the relief requested in the Complaint.

### FOURTH DEFENSE

### (Unclean Hands—All Causes of Action)

4.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

### FIFTH DEFENSE

### (Privilege/Justification—All Causes of Action)

5.      Defendants' actions, if any, respecting the subject matters alleged in the Complaint, and the claims for relief asserted therein, were undertaken in good faith, with the absence of willfulness or malicious intent, and constitute lawful, proper, and justified means to further Defendants' purpose of engaging in and continuing its business. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the claims for relief alleged in the Complaint.

### SIXTH DEFENSE

### (Failure to Mitigate Damages—All Causes of Action)

6.      Plaintiff is not entitled to recover the amount of damages from Defendants as alleged in the Complaint, or any damages, due to her continuous failure to make reasonable efforts to mitigate or minimize the damages that she has allegedly incurred.

### SEVENTH DEFENSE

### (Lack of Knowledge—All Causes of Action)

7.      To the extent that any unlawful conduct occurred, which Defendants deny, Defendants took all reasonable steps to prevent the alleged unlawful conduct and was not aware of Plaintiff's purported complaints of unlawful conduct. Accordingly, Plaintiff's claims are barred or, alternatively, her relief is limited.

**EIGHTH DEFENSE**

**(Reasonable, Good Faith Belief in Actions Taken—All Causes of Action)**

8.      The Complaint, and each alleged cause of action, are barred by the fact that any decisions made by Defendants with respect to Plaintiff's employment were reasonably based on the facts as Defendants understood them in good faith. To the extent a court holds that Plaintiff is entitled to damages or penalties, which are specifically denied, Defendants acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California laws. Additionally, Defendants' policies forbid unlawful retaliation. Consequently, Defendants' conduct was not knowing or willful within the meaning of the California Labor Code.

**NINTH DEFENSE**

**(Prompt Remedial Action—All Causes of Action)**

9.      Defendants took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendants had to Plaintiff, if any at all.

**TENTH DEFENSE**

**(Avoidable Consequences Doctrine—All Causes of Action)**

10.     Any claim of damages alleged in Plaintiff's Complaint, in whole or in part, is barred by the avoidable consequences doctrine in that Plaintiff unreasonably failed to make use of her employer's practices and/or procedures by failing to timely and properly report any purported unlawful actions and/or omissions alleged in the Complaint.

**ELEVENTH DEFENSE**

**(Setoff And Recoupment—All Causes of Action)**

11.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which are specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

**TWELFTH DEFENSE**

**(Release—All Causes of Action)**

12.    To the extent Plaintiff has executed a release encompassing claims alleged in the Complaint, her claims are barred by that release.

**THIRTEENTH DEFENSE**

**(Res Judicata And Collateral Estoppel—All Causes of Action)**

13.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent Plaintiff and/or other current or former employees of Defendants have asserted the same claims in any prior legal or administrative proceeding, and did not prevail on such claim.

**FOURTEENTH DEFENSE**

**(Failure To Comply With Employer's Direction—All Causes of Action)**

14.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of her employer concerning the service on which she was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens upon her, pursuant to California Labor Code Section 2856.

**FIFTEENTH DEFENSE**

**(Lack Of Standing For Injunctive Relief—All Causes of Action)**

15.    The claims of Plaintiff for injunctive and other equitable relief are barred because Plaintiff is a former employee and thus has no standing to seek injunctive or other equitable relief.

**SIXTEENTH DEFENSE**

**(Adequate Remedy At Law—All Causes of Action)**

16.    Plaintiff is not entitled to the equitable relief sought insofar as she has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

**SEVENTEENTH DEFENSE**

**(No Entitlement To Waiting Time Penalties—First through Eleventh Causes of Action)**

17.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff has failed to show that Defendants willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff. Plaintiff, therefore, cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

**EIGHTEENTH DEFENSE**

**(Good Faith Dispute—First through Eleventh Causes of Action)**

18.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendants did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order. Plaintiff, therefore, among other things, cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

**NINETEENTH DEFENSE**

**(No Knowing and Intentional Violation—First through Eleventh Causes of Action)**

19.     Plaintiff's causes of action are barred to the extent that Plaintiff has failed to allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code Section 226.

**TWENTIETH DEFENSE**

**(Waiver of Meal Periods— First through Eleventh Causes of Action)**

20.     To the extent Plaintiff voluntarily waived the right to a meal period for shifts of more than five but less than six hours or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the IWC Wage Orders exists.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

**TWENTY-FIRST DEFENSE**

**(Lack of Knowledge—First through Eleventh Causes of Action)**

21.     The Complaint is barred, in whole or in part, because Defendants did not have any knowledge of any alleged violations of the Labor Code, including but not limited to any knowledge regarding alleged off-the-clock work.

**TWENTY-SECOND DEFENSE**

**(No Injury—Seventh Cause of Action)**

22.     Defendants allege that, even assuming arguendo that Plaintiff was not provided with proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages because she did not suffer any injury.

**TWENTY-THIRD DEFENSE**

**(*De Minimis* Doctrine—First through Eleventh Causes of Action)**

23.     Plaintiff's claims are barred to the extent that any allegedly unpaid work would not be compensable to the extent that even if Plaintiff was not paid for all work performed, such activities were "so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018).

**TWENTY-FOURTH DEFENSE**

**(Managerial Discretion—Eleventh and Twelfth Causes of Action)**

24.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that any and all decisions made and actions taken by or on behalf of Defendants, were made and taken in the exercise of proper managerial discretion and in good faith.

**TWENTY-FIFTH DEFENSE**

**(Legitimate Business Reasons—Twelfth Cause of Action)**

25.     Plaintiff may not obtain the relief requested in the Complaint because any adverse employment action taken against her was based on legitimate, non-retaliatory reasons, and not Plaintiff's purported protected activity and/or any other protected characteristic.

**TWENTY-SIXTH DEFENSE**

**(After-Acquired Evidence—Twelfth Cause of Action)**

26.    Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendants were unaware until after Plaintiff's termination that provides independent legal cause for the termination of her employment.

**TWENTY-SEVENTH DEFENSE**

**(Same Decision/Mixed Motive—Twelfth Cause of Action)**

27.    Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, *assuming arguendo* that retaliatory reasons had been a factor in any decisions toward Plaintiff, which Defendants expressly deny, Defendants would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

**TWENTY-EIGHTH DEFENSE**

**(Failure to Exhaust Administrative Remedies—Twelfth Cause of Action)**

28.    Plaintiff's claims, in whole or in part, are barred to the extent Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

**TWENTY-NINTH DEFENSE**

**(At-Will Employment—Twelfth Cause of Action)**

29.    Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred because Plaintiff's employment with Defendants was at-will.

**THIRTIETH DEFENSE**

**(Workers' Compensation Preemption—Twelfth Cause of Action)**

30.    Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*

**THIRTY-FIRST DEFENSE**

**(No Punitive Damages—Twelfth Cause of Action)**

31.    Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendants, pursuant to California Civil Code section 3294. Defendants are not liable for punitive damages because Defendants committed no alleged oppressive, willful, fraudulent, or malicious acts, authorized or ratified such alleged acts, or had advance knowledge of the unfitness of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others, pursuant to California Civil Code Section 3294(b).

**THIRTY-SECOND DEFENSE**

**(Not Employer or Joint Employer—All Causes of Action)**

32.    Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred because Daikin Comfort Technologies Manufacturing, L.P. and Daikin Comfort Technologies North America, Inc. were not Plaintiff's employer or joint employer.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation indicates that such defenses would be appropriate. Defendants further reserve the right to amend Defendants' answer or defenses accordingly or to remove defenses that it determines are not applicable during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants prays as follows:

1.    That Plaintiff take nothing by her Complaint on file herein;

2.    That judgment be entered in favor of Defendants and against Plaintiff on Plaintiff's entire Complaint and on all causes of action alleged therein;

3.    That Defendants be awarded reasonable attorneys' fees according to proof;

4.    That Defendants be awarded its costs of suit incurred herein; and

1        5.      That Defendants be awarded such other and further relief as the Court may deem

2    appropriate.

3    DATED: April 25, 2024                              Respectfully submitted,

4                                                       SEYFARTH SHAW LLP

5

6                                              By: _____

7                                                       Justin T. Curley
                                                        Eric W. May
8
                                                        Attorneys for Defendants
9                                                       DAIKIN COMFORT TECHNOLOGIES
                                                        MANUFACTURING, L.P., DAIKIN
10                                                      COMFORT TECHNOLOGIES
                                                        DISTRIBUTION, INC., and DAIKIN
11                                                      COMFORT TECHNOLOGIES NORTH
                                                        AMERICA, INC.
12
     310641013v.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California.  On April 25, 2024, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF MELISSA PLACENTIA'S UNVERIFIED FIRST AMENDED COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Nicholas J. Ferraro
Lauren N. Vega
David X. Lin
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
(619) 693-7727
(619) 350-6855 (facsimile)

Attorneys for PLAINTIFF

nick@ferrarovega.com
lauren@ferrarovega.com
david@ferrarovega.com
marissa@ferrarovega.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 25, 2024, at Los Angeles, California.



_____
Rebecca Garner



For questions or support please contact customer support at 213-249-9999 or legal@nationwideasap.com

# EFILING ORDER SUMMARY

## ORDER INFORMATION

Order Number: 9532914                          Date Submitted: 04/25/2024 14:04:36

Order Status: Pending                          Date Closed:

: LA515539

Court Transaction Number: 22040993             Filing Status: Pending

Special Instructions: PLEASE ADVANCE COURT FEES.

Submitted By: efile3 3, efile3@nationwidelegal.com

Notifications:  efile3 3 (efile3@nationwidelegal.com)

## CASE INFORMATION

Case Number: 37-2024-00007050-CU-OE-CTL        Billing Code: LA515539

Case Title: Placentia vs DAIKIN COMFORT TECHNOLOGIES MANUFACTURING LP IMAGED

Case Category: Civil - Unlimited               Case Type: Other employment

Jurisdiction: Central Courthouse (Civil eFiling)    County: San Diego

Lead Client: DAIKIN COMFORT TECHNOLOGIES DISTRIBUTION INC,

## DOCUMENTS

| No. | Title | Type | Status |
|-----|-------|------|--------|
| 1 | DEFENDANTS' ANSWER TO PLAINTIFF MELISSA PLACENTIA'S UNVERIFIED FIRST AMENDED COMPLAINT | First Papers | |

## STATUTORY FEES

| Description | Amount |
|-------------|--------|
| Court Fees Advanced | $0.00 |